# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ABEL CORTEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-12-80** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Cortez is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Stringfellow Unit in Rosharon, Texas.  The actions about which he complains occurred in Bee County, Texas.  Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on February 27, 2012 (D.E. 1).[1]  The underlying conviction which is the subject of the petition is a 2000 Bee County conviction for murder.  Petitioner argues that his sentence is not being calculated correctly and that he is not receiving pre-sentence credit to which he is entitled.  On May 2, 2012 respondent filed a motion for summary judgment to which petitioner responded on May 23, 2012 (D.E. 7, 8).  For the reasons stated herein, it is respectfully recommended that respondent's motion be granted and petitioner's habeas corpus application be denied.

---

[1] See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)(federal habeas petition is considered filed on date it is placed in prison mail system).

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because petitioner was convicted in Bee County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On February 14, 2000, petitioner pleaded nolo contendere and was convicted of murder, for an offense occurring on April 27, 1997.  Ex Parte Cortez, WR-76,720-01 at 15 (D.E. 51 at 19).  Petitioner committed the murder while he was incarcerated at the McConnell Unit in Bee County, Texas where he was serving a 25-year sentence for delivery of a controlled substance (cocaine) (Aff. of Charley Valdez, D.E. 7-1 at 3). Petitioner was convicted on the drug charge on January 20, 1994 for an offense occurring on May 6, 1993 (Id.).

As part of a plea agreement on the murder charge, petitioner was sentenced to a twelve-year term of incarceration, to run consecutively to the drug charge.  Ex Parte Cortez, WR-76,720-01 at 15 (D.E. 51 at 19).  On the sentencing document signed by the court on February 14, 2000, it is noted that plaintiff was to receive credit toward the murder sentence from April 27, 1999 through February 14, 2000 (D.E. 8 at 7).  Plaintiff's right thumb print appears on the bottom of the page (Id.).  The plea agreement itself does not address prior credit (D.E. 8 at 8-9).  Petitioner was granted parole on his drug charge

on May 1, 2011 and the sentence on the murder charge began to run that day (Valdez

Aff., D.E. 7-1 at 3; Notice of Parole Dec., D.E. 7-2 at 2).

Petitioner argues that rather than receiving credit toward his sentence from April

27, 1999, he is entitled to credit from April 27, 1997, the day the offense was committed.

He claims that the notation that he was to receive credit from April 27, 1997 is a

typographical error.  He contends that the April 27, 1999 date is arbitrary and not tied to

any event in the case.

Petitioner filed a Time Dispute Resolution Form with TDCJ on August 3, 2011,

claiming that he was entitled to credit toward his sentence from April 27, 1997 through

February 14, 2000, rather than from April 27, 1999 through February 14, 2000 (Valdez

Aff., D.E. 7-1 at 3).  Petitioner received a response telling him that the judgment entered

in his case stated that he received credit from April 27, 1999 (Id.)

Petitioner filed an application for habeas relief in state court on October 3, 2011.

Ex Parte Cortez, WR-76,720-01 at 2-12 (D.E. 5-1 at 6-16).  The Texas Court of Criminal

Appeals denied his application without written order on December 7, 2011.  Id. at

"Action Taken" page (D.E. 5-1 at 2).  Petitioner filed the instant federal action on

February 27, 2012, arguing that he is entitled to credit toward his sentence from April 27,

1997 through February 14, 2000 (D.E. 1).

In his motion for summary judgment, respondent asserts that petitioner's claim is

time-barred and also that he has failed to state a valid basis for habeas relief.  Petitioner

appears to counter that his cause of action is not time-barred because he did not become

aware that he was not receiving credit toward his sentence at the time judgment was entered.

## **APPLICABLE LAW**

### A.  Statute of Limitations

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

The document giving petitioner credit toward his sentence was signed by the court on February 14, 2000 and his conviction became final on March 15, 2000, the expiration of time for seeking direct review.  TEX. R. APP. P. 26.2(a)(1).  Petitioner had one year from that date, or until March 15, 2001, to file his federal habeas petition.  Because he did not do so until February 27, 2012, it is time-barred.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  See also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  However, in this case petitioner did not file his state application until October 3, 2011, after the limitations period had expired.  Accordingly, the state habeas petition did not toll the federal deadline.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner states that on the day the judgment was entered, he was shackled and hand-cuffed the entire time and that he did not have an opportunity to review the documents.  He states that when he signed documents that day, he did so "from behind, and sideways."(D.E. 8 at 3).  He said that he understood from his conversation with his attorney that he would receive credit from April 27, 2007.

To the extent petitioner seeks equitable tolling of the statute of limitations based on his being shackled and handcuffed, his circumstances do not warrant it. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008)(quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. Id. (citing United States v. Wynn, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A prisoner proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner has offered no reason for delaying more than one year past the deadline to pursue his habeas remedies. Even if petitioner was not able to review the documents

6

on the day they were signed, he had a year to obtain and review them before the statute of limitations ran on his claim. Nor has he shown that some extraordinary circumstance stood in the way of his timely filing his petition. Accordingly his application for habeas relief is time-barred and should be dismissed with prejudice.

**B. Merits**

**1. Standard of Review**

Respondent argues that even if petitioner's habeas application were timely, he still would not be entitled to habeas corpus relief because he has failed to show that his constitutional rights were violated. Under the AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal

principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  Williams v. Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000).  Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams, 120 S.Ct. at 1522-1523).

      "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)(quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision.  Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  Harrington, 131 S.Ct. at 786.  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).

      The standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no

possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther."  Id.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 786-787.  If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision.  Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999).

In petitioner's case, the Texas Court of Criminal Appeals denied him relief, which generally indicates that the decision was made on the merits of the claim.  "Under Texas law, a denial of a habeas petition, as opposed to a dismissal, suggests that the state court adjudicated the claim on the merits."  Salazar v. Dretke, 419 F.3d 384, 398 (5th Cir. 2005).  It is not clear from the record why the court denied the claim, rather than dismissed it, because the State noted that petitioner had not exhausted his administrative remedies and did not address the merits of his claim.  Generally, under those circumstances, a dismissal would be appropriate.  Nevertheless, the State proposed that the trial court find that petitioner was not entitled to the relief he sought and recommended denying the petition.  Ex Parte Cortez, WR-76,720-01 at 31 (D.E. 5-1 at 35).  The trial court adopted the State's proposed findings of fact and conclusions of law and the Court of Criminal Appeals denied the petition.  Id. at 33 and "Action Taken" page (D.E. 5-1 at 37, 2).

9

### 2.  Pre-sentence Detention Credit

Despite the equivocal nature of the state court's denial of habeas relief, it is clear that petitioner is not entitled to habeas relief in federal court.  There is no absolute constitutional right to pre-sentence detention credit.  The only exception is when a person is held for a bailable offense and is unable to make bail due to indigency and upon conviction he is sentenced to the statutory maximum sentence for the offense.  Jackson v. Alabama, 530 F.2d 1231, 1237 (5th Cir. 1976).  The rationale of the rule is that to deny credit to indigent defendants under these circumstances would extend their sentences beyond the maximum prescribed for their offense.  Id.  Petitioner was convicted of murder, a first degree felony, which carries a maximum sentence of 99 years.  Tex. Penal Code Ann. § 12.32(a).  His sentence of twelve years was less than the maximum and therefore he does not have a constitutional right to the pre-sentence credit.

The Texas Court of Criminal Appeals has held that until a defendant is confined beyond his correct maximum discharge date, the only mans by which he can obtain relief from the omission of back-time credit from a judgment is by seeking *nunc pro tunc* relief in the state sentencing court.  Ex Parte Gomez, 268 S.W.3d 262, 265, n. 1 (Tex. App. Austin 2008, no pet.)(citing Ex Parte Deeringer, 210 S.W.3d 616, 617-618 and n. 7 (Tex. Crim. App. 2006)).  Because plaintiff in this case will not be confined beyond his maximum discharge date, he is not entitled to federal habeas relief.

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

11

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds and, in the alternative, on the merits.  Reasonable jurists would not find it debatable that petitioner's claims are barred by limitations, and jurists of reason would not debate denial of habeas relief to petitioner on the merits.  Any request for a COA should be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

It is respectfully recommended that respondent's motion for summary judgment (D.E. 7) be granted.  Petitioner's application for habeas corpus relief should be dismissed with prejudice because it is time-barred; alternatively, petitioner's application should be denied because he has failed to show that he is entitled to relief.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 8th day of August, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

12

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).