UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABEL CORTEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-12-80 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Respondents. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 7). On August 8, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 9), recommending that Respondent's Motion for Summary Judgment be granted. Petitioner filed his Objections (D.E. 12) on August 30, 2012 after obtaining an extension of time to object.

Petitioner first objects on the basis that the Supreme Court of the United States has "recognized new rights" for criminal defendants in the plea bargain process in *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (U.S. 2012) and *Lafler v. Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (U.S. 2012). Those cases address ineffective assistance of counsel claims when counsel fails to properly advise a defendant of a plea bargain and the defendant is prejudiced by that failure. *See also, Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner did not allege ineffective assistance of counsel in this action. His Petition, under "Grounds raised," states "seeking credit time served." D.E. 1, p. 4. In

"Ground One," the only ground filled in, he states that he is entitled to time credit while he was in custody according to the plea agreement. D.E. 1, p. 6. Petitioner "is not challeng [sic] his conviction, but are [sic] instead challenging the time necessary to fulfill his sentence." D.E. 1, p. 7. He has not sought to amend his Petition.

The Petitioner's summary judgment evidence consists of a copy of his Sentence, a copy of his Plea Agreement, a copy of his Indictment, a copy of the Precept to Serve regarding the Indictment, his Arrest Warrant, and the TDCJ notice of Petitioner's Wanted status. Nothing in his evidence raises a disputed issue of material fact regarding whether his counsel's representation fell below standards for Sixth Amendment effective assistance of counsel. Neither does it raise a fact issue regarding any prejudice resulting from ineffective assistance. D.E. 8. Even the unsworn body of Petitioner's "Rebuttal" recites facts consistent with the sentence he is serving—that his counsel responded to Petitioner's request for time served from 1997 and Petitioner's complaints regarding technicalities in the indictment by saying that counsel had used the request and complaints to get the agreement for 12 years. D.E. 8, p. 3. Petitioner has failed to state or support a cause of action for ineffective assistance of counsel. Thus the argument cannot serve as the basis for the denial of summary judgment to Respondent. The objection is OVERRULED.

Second, Petitioner objects that the statute of limitations had not run before he filed his Petition because he did not discover the claimed error in the calculation of his sentence until May 1, 2011. Among the triggers for the running of limitations under the Anti-Terrorism and Effective Death Penalty Act is "the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicate of Plaintiff's claim is the imposition of a sentence of 12 years with credit for time served from "April 27, 1999 to February 14, 2000," which appears on his sentence. D.E. 8, p. 7. The sentence was fully discoverable as a matter of public record after it was imposed on February 14, 2000, more than 12 years prior to the filing of his *habeas corpus* action. D.E. 8, p. 7. Petitioner's objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 7) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 25th day of September, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE